**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

|                          |   |                  |
|--------------------------|---|------------------|
| STATE OF DELAWARE        | ) |                  |
|                          | ) |                  |
|                          | ) | ID#0907019543A   |
| v.                       | ) |                  |
|                          | ) |                  |
| LEONARD M. TAYLOR,       | ) |                  |
|                          | ) |                  |
| Defendant                | ) |                  |

Submitted: January 11, 2017
Decided: March 3, 2017

On Defendant's Second Motion for Postconviction Relief.
**SUMMARILY DISMISSED.**

On Defendant's Request for an Evidentiary Hearing. **DENIED AS MOOT.**

# ORDER

Elizabeth R. McFarlan, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Leonard M. Taylor, James T. Vaughn Correctional Institution, Smyrna, Delaware, *pro se.*

COOCH, R.J.

This 3rd day of March 2017, upon consideration of Defendant's Second Motion for Postconviction Relief, it appears to the Court that:

1.  On January 31, 2011, following a jury trial, Defendant was convicted of non-capital Murder First Degree and Possession of a Firearm During the Commission of a Felony. On April 29, 2013, Defendant filed a Motion for Postconviction Relief. The Court appointed counsel to represent Defendant in that motion.

1

2.  In his first Motion for Postconviction Relief, Defendant asserted the following grounds for postconviction relief:

> His first assertion is that trial counsel was ineffective because he allegedly failed to advise the State that Defendant was willing to plead "no contest" to the charge of manslaughter. Defendant acknowledges that the State offered him a plea agreement to the charge of manslaughter, but with that offer he would have had to plead "guilty." Defendant claims that he asked his trial counsel if he could plead "no contest," and trial counsel told him that was not possible without consulting the State. Defendant claims that "[t]rial counsel did not even know [Defendant's] plea options, because he never discussed [Defendant's] no contest plea proposal with the State." Finally, Defendant claims that this deficient performance by trial counsel prejudiced him, because if he was able to secure a no contest plea to manslaughter, "his sentence would have been vastly less, even at its maximum, than the one he is currently serving."[1]

3.  This Court denied Defendant's first Motion for Postconviction Relief, finding that Defendant had failed to show that his trial counsel's representation of him fell below an objective standard of reasonableness as required by *Strickland v. Washington*. That decision was affirmed by the Delaware Supreme Court.[2]

4.  On November 17, 2016, Defendant filed this second Motion for Postconviction Relief. In his second motion, Defendant claims sixteen grounds for relief:

> [Ground One:] Trial counsel was ineffective by failing to exercise sound judgment, by allowing State to sandbag the defense through improper solicited statement from witness on direct examination that inflamed the minds of the jurors, creating incurable underlying prejudice against the defendant's innocence.
>
> . . .

---

[1] *State v. Taylor*, 2016 WL 1714142, at *4 (Del. Super. Apr. 26, 2016).
[2] *Taylor v. State*, 2016 WL 6311117 (Del. Oct. 27, 2016) (affirming on the basis of this Court's decision).

2

[Ground Two:] Trial and appellate counsel were both ineffective in each stage of the trial and direct appeal advocacy process by failing to know or use applicable applications of law to defend the Defendant's right pursuant to the Fifth and Sixth Amendments against self-incrimination, and the due process provisions of the fourteenth amendments.

. . .

[Ground Three:] Trial counsel and appellate counsel were both ineffective in each stage of trial and direct appeal advocacy by failing to investigate and present the evidence showing that Mr. Briggs was a government agent, or raise argument on direct appeal that trial counsel abused its discretion by allowing State to provide testimony by witnesses in its case-in-chief, as under the party-opponent and doctrine of completeness rules.

. . .

[Ground Four:] Trial counsel and appellate counsel were both ineffective for failing to file [a] motion to suppress or object to irrelevant testimony entered by Mr. Rimpol at Defendant's trial of uncharged criminal enterprise (drug trafficking). That exposed him to additional charges as inadmissible, or for failing to file direct appeal of abuse of discretion for admitting irrelevant evidence under plain error.

. . .

[Ground Five:] The State failed to establish adequate foundation of witnesses out-of-court statements to authorities, or trial testimonies by not asking each witness whether or not their statements were true.

. . .

[Ground Six:] The State failed to disclose exculpatory evidence to the defense in violation of Delaware Rules of Evidence 16(a) under discovery and inspection, *Brady* and *Jencks*.

. . .

3

[Ground Seven:] Defendant's Fourth Amendment right to expectation of privacy was violated by the State's illegal search and seizure of his cell phone.

. . .

[Ground Eight:] [The] State violated Defendant's confrontation clause through the admission of testimonial hearsay.

. . .

[Ground Nine:] Defendant's Fifth Amendment right was violated under *Miranda*.

. . .

[Ground Ten:] State's prosecutor knowingly deprived the Defendant the right of fair trial by knowingly allowing Eric Briggs to commit perjury by testifying that his testimony was not in exchange for leniency in State's prosecution for numerous felony offenses.

. . .

[Ground Eleven:] The trial court abused its discretion by admitting items into evidence allegedly used in disposing of victim's body which could not be linked to the crime and varied in appearances, as well as not having matching identification witnesses.

. . .

[Ground Twelve:] The State violated the Defendant's Fourteenth Amendment under the Equal Protection and Due Process Clauses to the United States and Delaware Constitutions.

. . .

[Ground Thirteen:] Trial Counsel was incompetent during both pretrial and trial stages and operated under a conflict of interest which affected his client's right to effective assistance of counsel.

. . .

[Ground Fourteen:] Movant was denied a fair trial in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the Delaware Constitution

4

. . .

[Ground Fifteen:] Movant's right to due process and equal protection was denied in violation of Article VI, and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

. . .

[Ground Sixteen:] Movant was denied due process and equal protection in violation of the United States Constitution; and due process and a fair trial in violation of Article I, Section 7 of the Delaware Constitution.[3]

Defendant did not request the appointment of counsel in his Second Motion for Postconviction Relief.

6. Before considering the merits of a motion for postconviction relief, this Court must first determine whether or not the motion is procedurally barred under Superior Court Criminal Rule 61(i). As this is Defendant's second motion for postconviction relief, Rule 61(d)(2) pertaining to successive motions is the applicable one in this matter. Under Rule 61(d)(2), successive motions for postconviction relief are procedurally barred unless the defendant

> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
> (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[4]

7. In the case at bar, Defendant has failed to satisfy either test that would permit him to overcome the procedural bar. With respect to Rule 61(d)(2)(i), Defendant has not alleged that "new evidence exists that creates a strong inference" that Defendant is innocent of the crimes of

---

[3] Defendant's Second Motion for Postconviction Relief, 4-59.
[4] Super. Ct. Crim. R. 61(d)(2)

which he was convicted. Accordingly, Defendant has failed to plead with any particularity that new evidence exists that creates a strong inference of actual innocence.

8. With respect to Rule 61(d)(2)(ii), Defendant has failed to show that a new rule of constitutional law made retroactive to his case exists. Many of Defendants' sixteen claims for postconviction relief contain allegations that his constitutional rights were violated. However, Defendant has failed to set forth that any of the cases cited by him establish "new rule[s] of constitutional law, made retroactive to cases on collateral review." Accordingly, as Defendant has failed to overcome the procedural bars to successive motions for postconviction relief, Defendant's second Motion for Postconviciton Relief is summarily dismissed, as required by Rule 61(d)(2).

9. The Court addresses separately Defendant's claim of ineffective assistance of postconviction counsel, alleged in "Ground Fourteen" of his motion. There is no constitutional right to the effective assistance of counsel on a defendant's collateral attack on his conviction.[5] Accordingly, Defendant's argument on this point is without merit.

Therefore, Defendant's Second Motion for Postconviction Relief is **SUMMARILY DISMISSED.**

Defendant's request for an evidentiary hearing is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

oc: Prothonotary
cc: Investigative Services

---

[5] *See Cochran v. State*, 2007 WL 1452725, at *1 n.13 (Del. May 17, 2007) (providing "there is no constitutional right to counsel in collateral attacks on convictions."); *State v. Zebroski*, 2013 WL 5786359, at *5 (Del. Super. Sept. 30, 2013) (providing "The right to effective assistance of counsel is dependent on the right to counsel itself.").